UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN PARISEAU, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 09-10624-JGD |
| | ) | |
| CAPT. JOHN BOATS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION**

April 25, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, Shawn Pariseau, has brought an action alleging that he was seriously injured on September 1, 2007, while a passenger aboard the Capt. John and Son II, a fishing charter vessel berthed in Plymouth, Massachusetts. Compl. ¶¶ 13-14. Pariseau alleges that the captain of the vessel engaged in a race with another boat, as a result of which the passengers "were thrown about in a violent manner." Id. ¶¶ 15-16. He alleges further that due to the vessel's excessive speed, he "was thrown into the air and upon landing on the deck severely fractured his leg." Id. ¶ 18.

The defendant Capt. John Boats, Inc. has filed a Motion for Partial Summary Judgment (Docket No. 49) whereby he has moved, pursuant to Fed. R. Civ. P. 56(d)(1) and Fed. R. Evid. 201(b)(2),

that the Court *establish in this action*:

1) that Shawn Pariseau made no accusation to the effect of alcohol use on the part of the captain of the *Capt. John & Sons II* while Shawn Pariseau was being carried off of the vessel;

2) that Shawn Pariseau was not projected up into the air by the action of the vessel moving in the sea conditions; and

3) that if Shawn Pariseau went up into the air at all, it was by reason of his own efforts and choice.

Def. Mot. (Docket No. 49) at 5 (emphasis in original). In support of this motion, the defendant has submitted the affidavit of Frank Mullen, a purported expert, who contends that as a matter of gravity "[t]he motion of a vessel in response to sea condition will not be such that it causes a person standing or sitting on the foredeck of a vessel to 'go up in the air' with respect to the structure of the vessel." Mullen Aff. at ¶ 6. The defendant has also requested that the court take "judicial notice of a phenomenon of physics" that when a vessel goes up and down with the waves "it is impossible, as a matter of physics, for any 'daylight' to intervene between the feet of the individual and the deck of the vessel, unless the individual jumps up as the bow begins to go down." Def. Mot. (Docket No. 49) at ¶ 9.

The plaintiff responded to the defendant's motion with a "Motion to Strike Defendant's Motion for Summary Judgment and for the Award of Reasonable Attorney's Fees." (Docket No. 50). Therein, the plaintiff asserts that the defendant's motion was not properly brought as a motion for summary judgment, that the defendant acknowledges

that there are material facts in dispute, that the defendant has not identified any expert witness for trial, and that the defendant failed to confer before filing the motion. Consequently, the plaintiff asserts that the motion should be denied, and requests attorneys fees incurred in connection with considering and responding to the defendant's motion.

This court agrees that the defendant's motion does not raise issues usually addressed in the context of a motion for summary judgment, and this court does not, in any way, condone counsel's failure to consult before filing the motion, as required by Local Rule 7.1. Nevertheless, it appears to this court that consultation would not likely have resulted in the narrowing of the issues presented in the motion, and that justice would best be served by this court addressing the defendant's motion for partial summary judgment on the merits. However, after consideration of the motion on the merits, this court concludes that the defendant has not shown that the facts he wishes to establish are undisputed or that he is entitled to judgment as a matter of law. Therefore, and for the reasons detailed herein, both motions are DENIED.

## II.  DISCUSSION

### Procedural Issues

Fed. R. Civ. P. 56(a) authorizes a defendant to move for summary judgment on all or part of the claims or defenses being asserted. Pursuant to Fed. R. Civ. P. 56(g) (previously covered by Fed. R. Civ. P. 56(d)(1)), if summary judgment is not granted, the court can determine if there are material facts which are genuinely not in dispute, and

establish those facts as undisputed for trial.[1] Fed. R. Evid. 201(b)(2) authorizes the court to take judicial notice of a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In the instant case, the defendant has not identified the "claim" for which he is seeking summary judgment. Rather, he appears to be using the summary judgment process to establish facts. The establishment of facts is generally accomplished by either a request to admit pursuant to Fed. R. Civ. P. 36(a)(1)(A) or, as the plaintiff suggests, by a motion in limine. See Pl. Mem. (Docket No. 51) at 4.[2] Since this court's scheduling order required the parties to file motions for summary judgment and motions in limine at the same time, see Docket No. 46, this court will address the merits of the defendant's motion and assume that it is the defendant's contention that if the facts are as he asserts, he is entitled to judgment as a matter of law.

### The Facts at Issue

The defendant has submitted evidence to the effect that the plaintiff did not complain that the captain was inebriated at the time of the accident. This fact is apparently in dispute. The defendant, itself, refers to Pariseau's contention that he reported his belief that the captain had been drinking to a police officer as he was being

---

[1] It appears that the plaintiff's citation to Fed. R. Civ. P. 56(d)(1) is to the version of the Rules in effect prior to December 1, 2010.

[2] Since the plaintiff would have had to respond to the defendant's position if he had proceeded by way of a request to admit or motion in limine, an award of legal fees for having to respond to the motion for partial summary judgment is not warranted.

put into an ambulance.  See Def. Mot. (Docket No. 49) at 3.  The fact that others deny that Pariseau made the complaint does not conclusively establish that Pariseau did not, as he claims, make the complaint.  Moreover, regardless whether Pariseau complained, if the captain had been drinking and there was evidence of that at trial, such conduct would be relevant to the issue of the defendant's negligence.  It will be up to the finder of fact to weigh the credibility of the witnesses.

Similarly, the defendant has not established as an undisputed fact that if the plaintiff "went up into the air at all, it was by reason of his own efforts and choice."  Def. Mot. (Docket No. 49) at 5, ¶ 3.  As an initial matter, it is unclear that the defendant has complied with this court's order of November 10, 2010 requiring expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2).  See Docket No. 44.  Thus, this court cannot determine if any expert testimony would, in fact, be admissible in this case.  Moreover, there are too many unknown variables concerning the way this accident happened for this court to take judicial notice of any random principles of physics.  Absent detailed facts which put such principles in context, this court cannot take judicial notice, or make any factual finding, as to whether or not the plaintiff could have been "projected up into the air[.]"  Def. Mot. at 5, ¶ 2.

In addition, whether plaintiff went "up in the air" or not does not end the inquiry as to whether his fall was a result of negligent conduct.  Even if he was thrown forward, or slipped, for example, if plaintiff's injury was as a result of the defendant's unauthorized speeding it will be up to the fact-finder to determine whether the defendant

is liable.

## III. ORDER

For all the reasons detailed herein, the defendant's Motion for Partial Summary Judgment (Docket No. 49) and the plaintiff's Motion to Strike Defendant's Motion for Summary Judgment and for the Award of Reasonable Attorney's Fees (Docket No. 50) are both DENIED.

    / s / Judith Gail Dein  
Judith Gail Dein  
United States Magistrate Judge
